**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2114
_____

UNITED STATES OF AMERICA

v.

SHYNNELL ISAAC WALKER, a/k/a "SHAW" a/k/a "Shawnell"
Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-05-cr-00211-005)
District Judge: Hon. Christopher C. Conner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 15, 2021
_____

Before: SHWARTZ, PORTER, and MATEY, Circuit Judges.

(Filed: March 17, 2021)
_____

OPINION*
_____

_____

 * This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Shynnell Walker appeals the District Court's judgment revoking his supervised release. His appellate counsel contends that his appeal presents no nonfrivolous issues and moves to withdraw under Anders v. California, 386 U.S. 738 (1967). We will grant the motion and affirm.

I

Walker pleaded guilty to one count of conspiracy to possess heroin with the intent to distribute, in violation of 21 U.S.C. § 846, and was sentenced to seventy months' imprisonment followed by three years' supervised release. Walker was released from prison on May 16, 2012 and began his term of supervised release.

Approximately three months later, Walker was charged with possession of heroin with intent to deliver and possession of marijuana for personal use. Because his commission of these state crimes violated his terms of supervised release, the District Court revoked Walker's supervised release and sentenced him to twenty-four months' imprisonment, to be served consecutively to any state-imposed sentence, followed by three years' supervised release. Walker served his prison sentences and began his second term of supervised release on July 27, 2017.

In August 2018, Walker was charged with illegal possession of a firearm, possession of heroin and marijuana with the intent to deliver, and possession of heroin

and marijuana.[1]  Walker was held in state custody, and the Government obtained a warrant for Walker's arrest based on his alleged violation of the condition of supervised release that forbade him from committing a state crime.  See 18 U.S.C. § 3583(d).  The warrant was lodged as a detainer.

Approximately twelve months later, Walker appeared before the Magistrate Judge, who held preliminary and bail hearings.  The Magistrate Judge concluded that there was probable cause to believe Walker violated his conditions of supervised release and detained him pending further proceedings.  Walker then appeared before the District Court for a revocation hearing.  There, he waived his right to a revocation hearing and admitted that he violated the conditions of his supervised release by committing a state crime.  The Court revoked Walker's supervised release and sentenced him to twenty-four months' imprisonment, consecutive to any state-imposed term of imprisonment, with no further supervised release.

Walker's counsel filed an appeal on Walker's behalf and a motion to withdraw, asserting that there are no nonfrivolous grounds for appeal.

II[2]

A

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme

---

[1] Walker pleaded guilty in state court to one count of possession of marijuana with the intent to deliver and was sentenced to fifteen to thirty months' imprisonment.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.  We exercise plenary review to determine whether there are any nonfrivolous issues for

Court promulgated in Anders to assure that indigent clients receive adequate and fair representation." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). This rule allows defense counsel to file a motion to withdraw and an accompanying brief pursuant to Anders when counsel has reviewed the record and concluded that "the appeal presents no issue of even arguable merit." Third Cir. L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." Youla, 241 F.3d at 300 (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Court of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988).

To determine whether counsel has fulfilled Rule 109.2(a)'s requirements, we examine the brief to see if it: (1) shows that counsel has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal even if wholly frivolous, Smith v. Robbins, 528 U.S. 259, 285 (2000); and (2) explains why those issues are frivolous, Marvin, 211 F.3d at 780-81. If counsel's Anders brief meets these requirements, it guides our review, and we need not scour the record. See Youla, 241 F.3d at 301.

Counsel's Anders brief satisfies both elements, and an independent review of the

appeal. Penson v. Ohio, 488 U.S. 75, 80 (1988). Because Walker did not object to any aspect of his conviction or sentence, we review for plain error. United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc).

4

record reveals no nonfrivolous issues.[3]  First, the brief demonstrates a thorough examination of the record and identifies the District Court's jurisdiction, the validity of the supervised release revocation, and the reasonableness of the sentence.  Second, the brief explains why any challenge to the revocation or sentence would be frivolous under the governing law.  Counsel's Anders brief is therefore sufficient, so we will confirm the District Court's jurisdiction and review the propriety of the revocation and sentence.

B

As Walker's counsel notes, there is no question that the District Court had jurisdiction to revoke his supervised release and impose a prison sentence under 18 U.S.C. § 3583(e)(3), because it had jurisdiction under 18 U.S.C. § 3231 to adjudicate Walker's underlying conviction for possession with intent to distribute heroin in violation of 21 U.S.C. § 846.  Accordingly, any objection to the District Court's jurisdiction would be frivolous.

There were also no errors in the revocation proceedings.  Before a district court may revoke supervised release, the person alleged to have violated the terms of his release is entitled to a preliminary hearing, followed by a revocation hearing, at which the person has the right to notice and counsel, to question adverse witnesses, and to present evidence on the alleged violation and in mitigation.  Fed. R. Crim. P. 32.1(b).  A defendant may waive the right to this hearing.  Fed. R. Crim. P. 32.1(c)(2)(A).

---

[3] Walker was permitted to file a pro se brief raising any additional arguments, but he did not do so.

Here, Walker had a preliminary hearing and the Magistrate Judge found there was probable cause to believe that Walker violated the terms of supervised release.[4] Before the District Court, Walker waived his right to a hearing and admitted to the violation.

We review whether Walker's admission to having violated his terms of supervised release was counseled and voluntary. See United States v. Broce, 488 U.S. 563, 569 (1989) (holding that the review of a final judgment of conviction based on a guilty plea is generally limited to whether the plea was both voluntary and counseled). In the context of a supervised release revocation hearing, the voluntariness of a defendant's waiver of rights is based on the "totality of the circumstances." United States v. Manuel, 732 F.3d 283, 291 (3d Cir. 2013). This standard does not mandate "rigid or specific colloquies with the district court," but requires that the court advise the "person on supervised release of both the rights afforded him[] and the consequences of relinquishing those rights." Id. (quotation marks and citations omitted); see also United States v. LeBlanc, 175 F.3d 511, 515-16 (7th Cir. 1999) (reviewing cases and noting that "we are unaware of any court holding that a Rule 11 colloquy would be required at a probation or parole revocation").

---

[4] The twelve-month delay between the filing of the revocation petition and the preliminary hearing before the Magistrate Judge did not violate Walker's due process or Rule 32 rights because he was in state custody for the entire period, see United States ex rel. Caruso v. U.S. Bd. of Parole, 570 F.2d 1150, 1153-55 (3d Cir. 1978), and the reasonable time within which he must have had a hearing was not triggered until he was brought into federal custody.

Walker's admission that he violated his supervised release and his agreement to waive his right to a revocation hearing were knowing and voluntary.[5]  The District Court first confirmed that Walker's counsel reviewed the petition for revocation with him and that Walker understood the charge against him and the underlying facts.  The District Court then explained to Walker that he was entitled to a revocation hearing, in which the Government would offer evidence to prove those charges.  It noted that if Walker waived the revocation hearing, that waiver "would be viewed as an admission that [Walker] committed the violations set forth in the [revocation] petition" and the Court would proceed to sentencing.  App. 100.  Additionally, Walker's counsel stated that Walker was willing to admit to the violation and understood the consequences of that admission.  Following the colloquy, the Court found that Walker was "fully alert, competent, and capable of making a voluntary waiver," accepted that waiver, and concluded that Walker violated his terms of supervised release.  The totality of the circumstances demonstrates there is no nonfrivolous argument regarding Walker's knowing and voluntary revocation hearing waiver or his admission that he violated his supervised release.

Finally, Walker's counsel is correct that there are no nonfrivolous arguments concerning the reasonableness of Walker's sentence.  Reasonableness encompasses both procedural and substantive components.  See United States v. Tomko, 562 F.3d 558, 566 (3d Cir. 2009) (en banc).  With respect to procedural reasonableness, a district court must

---

[5] Because this revocation hearing was not Walker's first, he was familiar with these proceedings.

(1) calculate the applicable Guidelines range, (2) consider departure motions, and (3) meaningfully address all relevant 18 U.S.C. § 3553(a) factors. United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). In the context of a supervised release violation, the sentence is imposed "primarily to sanction the defendant's breach of trust while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." United States v. Bungar, 478 F.3d 540, 544 (3d Cir. 2007) (quotation marks and citations omitted). The District Court fulfilled these requirements.

First, the District Court correctly found that, pursuant to U.S.S.G. § 7B1.1(a)(1), Walker committed a Grade A violation of his supervised release and that he had a criminal history category of IV. As such, the Court correctly determined that he faced a Guidelines sentence of twenty-four to thirty months, but that the statutory maximum capped his sentence at twenty-four months under 18 U.S.C. § 3583(e).

Second, the District Court considered and denied Walker's request that his supervised release sentence run concurrent to his state sentence. The Sentencing Commission "strong[ly] prefer[s] . . . imposing a consecutive sentence to the extent necessary to provide an incremental penalty." United States v. Swan, 275 F.3d 272, 283 (3d Cir. 2002). A consecutive sentence is not mandatory, however, and a district court may "exercise its discretion and be guided by its own view of what is needed in the way of an incremental penalty in the particular setting." Id. Here, the Court reasonably concluded that, given Walker's criminal history and previous violation of supervised

8

release for having committed another state drug crime, a consecutive sentence was warranted.

Third, the District Court imposed a sentence "for reasons that are logical and consistent with the factors set forth" in § 3553(a). United States v. Styer, 573 F.3d 151, 154-55 (3d Cir. 2009) (quoting United States v. Cooper, 437 F.3d 324, 330 (3d Cir. 2006)). The Court weighed Walker's "significant criminal history" and pattern of "violations . . . [that] seem to occur relatively quickly after release" against Walker's personal circumstances meriting mitigation, including his allocution, which detailed violence prevention and drug treatment programs he completed while incarcerated, and the testimony of family members. App. 104. The Court then concluded that, because Walker was "incorrigible and incapable of meaningful supervision," as reflected by his commission of multiple crimes while on supervised release, it would impose the statutory maximum sentence of twenty-four months' imprisonment but would not order a further term of supervised release. App. 104. The sentence was thus procedurally reasonable.

The sentence was also substantively reasonable. Given Walker's history of recidivism, we cannot say that "no reasonable sentencing court would have imposed" the within-Guidelines sentence of twenty-four months. Tomko, 562 F.3d at 568. Thus, any challenge to the substantive reasonableness of Walker's sentence would lack merit.

III

For the foregoing reasons, we will affirm the District Court's judgment and grant counsel's motion to withdraw.

9